# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                                       |     |                          |
|---------------------------------------|-----|--------------------------|
| DANIELLE MARIE KARWOWSKI,             | )   |                          |
|                                       | )   |                          |
| Plaintiff,                            | )   | 2:26-cv-00249-CB         |
|                                       | )   |                          |
| v.                                    | )   | Chief Judge Cathy Bissoon|
|                                       | )   |                          |
| SCHEDULE A DEFENDANTS,                | )   |                          |
|                                       | )   |                          |
| Defendant.                            | )   |                          |

## <u>ORDER</u>

Given that motions pursuant to Federal Rule of Civil Procedure 12(b) are discouraged if the pleading defect is curable by amendment, IT HEREBY IS ORDERED that the parties must meet and confer prior to the filing of such a motion to determine whether it can be avoided. The duty to meet and confer extends to parties appearing *pro se*. Consistent with the foregoing, **motions to dismiss must be accompanied by a certificate of the movant**, stating that the moving party has made good faith efforts to confer with the nonmovant(s) to determine whether the identified pleading deficiencies properly may be cured by amendment.

**<u>Motions to dismiss that do not contain the required certification will be summarily denied. Furthermore, a non-moving party's non-compliance with this Order, including a failure to timely engage in the meet-and-confer process, may result in the assessment of monetary and/or nonmonetary sanctions. Those sanctions may include, but are not limited to, an assessment of attorney(s)' fees and costs associated with the filing of the motion to dismiss; and/or a denial of the non-movant's subsequent request for leave to amend.</u>**

In addition, the parties shall endeavor not to oppose motions to amend the pleadings that are filed prior to the initial Case Management Conference, or within the time set forth in the parties' Rule 26(f) Report and/or the Court's Rule 16 Case Management Order.

Finally, IT IS ORDERED that:  (1) as soon as is practicable, Plaintiff(s) promptly shall serve a copy of this Order upon Defendant(s); (2) all counsel and unrepresented parties must read, know and understand the Local Rules of this Court (*see* web page at: https://www.pawd.uscourts.gov/court-info/local-rules-and-orders/local-rules); and (3) all counsel and unrepresented parties must familiarize themselves with the undersigned's Practices and Procedures, *see* web page at https://www.pawd.uscourts.gov/content/cathy-bissoon-chief-district-judge, and they will be held responsible for complying with the same.

IT IS SO ORDERED.

February 12, 2026

Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel Currently of Record